UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GROSS MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SABIR JAMIL AL-MANSUR, also known, as RONALD M. POOLE, DOES 1 thru 10,<br><br>    Defendants. | Case No: C 12-04681 SBA<br><br>**ORDER REMANDING ACTION** |

On December 30, 2011, Plaintiff Gross Mortgage Corporation ("Plaintiff") filed the instant unlawful detainer action against Defendant Sabir Jamil Al-Mansur, also known as Ronald M. Poole ("Defendant"), in the Superior Court of California, County of Alameda. Compl., Dkt. 1. The complaint seeks possession of certain real property located at 2419 Market Street, Oakland, California 94607. See id. Plaintiff obtained ownership of said property through a non-judicial foreclosure. See id. ¶¶ 4-6.

On September 7, 2012, Defendant, acting pro se, filed a notice of removal alleging that this Court has subject matter jurisdiction over the instant action under 28 U.S.C. § 1331 and 28 U.S.C. § 1443. Notice of Removal at 2, Dkt. 1. Plaintiff filed a motion to remand on September 17, 2012. Dkt. 12. Defendant opposes the motion. Dkt. 22. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to remand, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **DISCUSSION**

   A.  **Federal Question Jurisdiction**

   Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States. . . ."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed to be absent unless the removing party which seeks to invoke the Court's jurisdiction shows that plaintiff has alleged:  (1) a federal cause of action, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"); (2) a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921); or (3) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

   A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999).  In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  As such, any doubts regarding the propriety of the removal favor remanding the case.  See Gaus, 980 F.2d at 566.

Here, Defendant's notice of removal alleges that Plaintiff deprived him of his constitutional rights guaranteed by various amendments to the United States Constitution. See Notice of Removal at 2.  However, federal subject matter jurisdiction must be apparent from the face of the complaint, and cannot lie in anticipated defenses.  Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action.  Franchise Tax Board, 463 U.S. at 27-28.  Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law."  Id. at 10 (emphasis in original).  In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction.  Plaintiff's complaint is for unlawful detainer and does not assert any federal claims.  Thus, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.

**B.     28 U.S.C. § 1443**

Defendant asserts that removal is appropriate under 28 U.S.C. § 1443.  Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-792, 794-804 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808,  824-828 (1966).  Patel v. Del Taco, Inc., 446 F.3d 996, 998-999 (9th Cir. 2006).  First, a defendant must assert, as a defense to the

action, rights that are given to him by explicit statutory enactment protecting equal racial civil rights.  Id. at 999.  Second, a defendant must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.  Id.; see also Hewitt v. Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986) (stating that, "[t]o remove a civil rights case under section 1443, it must appear that the right allegedly denied arises under a federal law 'providing for specific civil rights stated in terms of racial equality,' and that the removal petitioner is denied or cannot enforce the specific federal right in state court").

Here, Defendant has not demonstrated that removal is proper under § 1443.  As for removal under § 1443(1), even assuming that Defendant has satisfied the first prong of Patel, he has not satisfied the second prong.  Defendant has not pointed to any "formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor do[es] [he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings."  Patel, 446 F.3d at 999.

In addition, § 1443(2) is inapplicable to the instant action.  The first clause under § 1443(2), dealing with "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  City of Greenwood, Miss., 384 U.S. at 824.  The second clause under § 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the right to remove only to state officers.  Id. at 824 n. 22.  There is nothing in the notice of removal or record indicating that Defendant is a state or federal officer, or working for one.[1]

---

[1] The Court notes that Defendant's notice of removal alleges, without analysis or elaboration, that removal is appropriate under 28 U.S.C. §§ 1333, 1334(b), and 1356. Notice of Removal at 2.  However, because this is an unlawful detainer action, none of these statutes provide a basis for removal.  Sections 1333 and 1356 concern cases in admiralty, while § 1334(b) concerns bankruptcy cases.

## II. <u>CONCLUSION</u>

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is GRANTED.

2. The hearing currently scheduled for October 30, 2012 is VACATED.

3. The instant action is REMANDED to the Superior Court of California, County of Alameda.

4. The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 10/23/12                                       _____
                                                            SAUNDRA BROWN ARMSTRONG
                                                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GROSS MORTGAGE,

       Plaintiff,

 v.

SABIR AL-MANSUR et al,

       Defendant.
                                            /

Case Number: CV12-04681 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sabir Jamil Al-Mansur
2419 Market Street
Oakland, CA 94607

Dated: October 24, 2012
                                   Richard W. Wieking, Clerk

                                        By: Lisa Clark, Deputy Clerk